IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80006 |
| | ) | |
| WBE COMPANY, INC., | ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| | ) | Filing No. 27 |

## ORDER

Hearing was held in Omaha, Nebraska, on May 16, 2006, regarding Filing No. 27, Motion for Relief from Stay, filed by Enterprise Bank, N.A. David Hicks, Thomas McGuire and Oliver Pollack appeared for the debtor; Paul Hoffman, Andrew Muller and Steve Turner appeared for Enterprise Bank, N.A.; and Howard Duncan appeared for Dolores Wiekhorst.

Enterprise Bank has filed a motion for relief from the automatic stay to permit it to foreclose upon a real estate leasehold with improvements, trucks and other construction equipment, and a concrete pipe plant and two concrete production facilities.

At trial the debtor attempted to present appraisal evidence of the value of the portable concrete batch plant, Filing No. 215, and the "under roof personal property," Filing Nos. 211 and 225. The offers drew hearsay objections because counsel for the bank had not had the opportunity to cross examine the appraisers. The court deferred ruling on the admissibility of those documents. Now, the objections to the admissibility of the documents are sustained. As a result, the debtor has appraisal evidence of the value of the building which houses the pipe plant and the non-portable concrete batch plant, but there is no value evidence for the other property.

The bank, on the other hand, has presented appraisal documents and live witness testimony concerning the value of all of the assets which are the subject matter of the motion for relief. For purposes of this motion for relief from automatic stay, the court generally accepts the valuations placed upon the assets by the appraisers for the bank. The appraiser of the personal property which included trucks, equipment and the portable concrete batch plant, found a value of $584,000. The appraiser of the installed equipment, including the inside concrete batch plant and the pipe plant, submitted a value of $938,000. However, he came to such a conclusion by depreciating the value of the plant over a 10-year useful life when both the salesman who originally sold the equipment and another representative of the selling company claimed that the equipment has a 20-year useful life. This is significant because the bank uses this valuation to show that its collateral is declining at a rate of approximately $150,000 a year at a minimum, and asserts therefore that monthly adequate protection payments to protect the bank's value in the equipment needs to be between $12,500 and $25,000. If the plant appraiser had depreciated the plant property over 20 years rather than 10, the opinion of value would be significantly different and the decline in the value of all of the property would have been significantly less on an annual basis. That would result in a lower adequate protection payment being required.

Using the bank's values, the debtor has no equity in the property. However, the debtor has presented evidence that there is a reasonable possibility of a successful reorganization within a reasonable time. Pre-petition the debtor had been in the business of road contracting on government jobs. Because of issues with the City of Omaha and the bonding company, the debtor

had to change its business operations.  Since the bankruptcy has been filed and for a few months prior to the filing, the debtor has been in the business of manufacturing and selling concrete pipe and manufacturing and selling concrete.  It has entered into a lease arrangement with Maverick Concrete and Piping, L.L.C. for much of its equipment.  It has obtained a large contract to supply concrete which may generate up to $250,000. When the case was filed in January 2006, it was not the season for selling concrete.  Now it is the season for selling concrete and the debtor is doing so.

In addition to generating contracts and selling product, the debtor has filed a plan of reorganization and a disclosure statement.  It may be true, as the bank suggests, that the plan does not acknowledge the full claim of the bank and does not propose an acceptable interest rate for payment of the bank's claim.  Those types of issues will be resolved at a hearing on confirmation.

The testimony of the Wiekhorst brothers and Mr. Finochiaro, the owner of Maverick, is credible.  The Wiekhorst brothers know how to run a concrete business.  They just came up short on cash when their bond was cancelled.  Mr. Finochiaro knows how to run other businesses and testified under oath that he has the ability to supplement the cash needs of the debtor during the next year, if necessary.

The motion for relief from the automatic stay is denied. At the confirmation hearing the debtor will have the burden of proof on feasibility. If there is not sufficient evidence that the business can generate sufficient revenue to service the debt at a fair interest rate, confirmation will be denied and relief granted.

The adequate protection payments which are being made as consideration for use of cash collateral are sufficient to protect the decline in value of the equipment collateral for the next few months.

Separate from the adequate protection payments which have been required, the debtor must provide proof of insurance on all of the assets with the bank named as loss payee.  Maverick is in possession of much of the equipment and has obtained an insurance certificate. However, that insurance certificate does not provide all of the insurance necessary to protect the interest of the bank and does not name the bank as an additional insured or as a loss payee.  The debtor provided testimony that such certificate was not the only evidence of insurance and that there was other insurance available.  No documentary evidence of the "other" insurance has been provided to the bank or to the court.  No later than June 30, 2006, the debtor must provide proof of insurance, in its name or in Maverick's name, with the bank named on the policy or policies.  Failure to provide such insurance by June 30, 2006, will result in a hearing being held on the request of the bank and the court's reconsideration of this ruling.

SO ORDERED.

DATED this 1st day of June 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    David Hicks
    Thomas McGuire
    Oliver Pollack
    Paul Hoffman
    *Andrew Muller
    Steve Turner
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.