IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80006 |
| | ) | |
| WBE COMPANY, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | Filing No. 671, 699 |

ORDER

Hearing was held on December 17, 2007, regarding Filing No. 671, Application for Compensation, filed by WBE Company, Inc., and Filing No. 699, Objection to Professional Fees, filed by Enterprise Bank. David Hicks appeared for the debtor and Mark Shaiken appeared for Enterprise Bank.

Counsel for the debtor has filed an application for fees and expenses incurred in this Chapter 11 case. Enterprise Bank, a creditor with a security interest in all of the property of the bankruptcy estate, has objected to payment of the fees and expenses from its cash collateral. The bank does not object to the amount of the fees and does not suggest that such amount is unreasonable or that the services rendered to the debtor were unnecessary. Instead, it asserts that the services rendered to the debtor have not benefitted the bank in any way and so there can be no surcharge of the bank's collateral per 11 U.S.C. § 506(c).

From a review of the few cases which have discussed the matter, it appears that the bank is correct. A debtor may use cash collateral to pay professional fees if the secured creditor is adequately protected, without regard to requirements of § 506(c). Security Leasing Partners, LP v. ProAlert, LLC (In re ProAlert, LLC), 314 B.R. 436 (B.A.P. 9th Cir. 2004); In re Coventry Commons Assocs., 149 B.R. 109 (Bankr. E.D. Mich. 1992). See also In re Tri-County Water Ass'n., Inc., 91 B.R. 547, 550 (Bankr. D.S.D. 1988) (generally, only unencumbered assets may be used to pay administrative claimants, but such claims may be paid from collateral if they resulted in a direct benefit to the secured creditor, if the secured creditor consents, or if the secured creditor is adequately protected).

In this case, although the bank is receiving adequate protection payments of $10,000 per month, it certainly is not clear that such amount adequately protects the bank's interest when counsel is requesting more than $55,000 in fees and more than $1,700 in expenses.

THEREFORE, IT IS ORDERED, at this time, that the fees and expenses are allowed. However, the debtor is not permitted to pay those fees and expenses from cash collateral until, and unless, the debtor can prove that the bank's interest is adequately protected.

DATED this 21st day of December, 2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *David Hicks          U.S. Trustee
    Mark Shaiken

Movant (*) is responsible for giving notice to other parties if required by rule or statute.