IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80006-TJM |
| | ) | |
| WBE COMPANY, INC., | ) | |
| | ) | CH. 7 |
| Debtor(s) | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on December 15, 2008, regarding Filing No. 757, Motion to Approve Settlement, filed by the debtor, and Filing No. 758, Objection to Motion to Approve Settlement, filed by Enterprise Bank, N.A. David Hicks and Theodore Boecker, Jr., appeared for the debtor, Don Dworak appeared for Enterprise Bank, N.A., and Richard Myers appeared as Chapter 7 trustee.

In this Chapter 7 case, the Chapter 7 trustee has determined that the only significant asset of the Chapter 7 bankruptcy estate is the cause of action WBE has against the City of Omaha, pending in this court as an adversary proceeding at A06-8124. In order to maximize the opportunity for the estate to receive and distribute some funds to interested parties, the Chapter 7 trustee has entered into an agreement with the debtor, litigation counsel for the debtor, and various family members who were involved with the ownership and operation of WBE. That agreement, Filing #157, Exhibit "A," provides for a division of the gross proceeds, if any, from the litigation.

To ensure cooperation and assistance in all phases of the litigation by the various Wiekhorst individuals and the litigation counsel, the agreement provides for payment of the attorney fees based upon a contingent fee agreement, payment of various litigation costs, a payment to individual Wiekhorst family members, and the remaining proceeds to be delivered to the Chapter 7 trustee for distribution pursuant to the Bankruptcy Code and a prior agreement entered into in the Chapter 11 case with Enterprise Bank. That agreement provides that Enterprise Bank will receive "one-half (½) of the distributable proceeds available to pay claims such as the Bank Proof of Claim." *See* Filing #129, ¶ 10(c).

Enterprise Bank has objected to the proposed settlement between the trustee and others with regard to the division of the gross proceeds. It is the position of Enterprise Bank that it has a right to 50% of the net proceeds after attorney fees and court costs, based upon the provision quoted above.

The objection of Enterprise Bank is denied. Pursuant to the language in the agreement quoted above, the bank does have an interest in one-half of the distributable proceeds available to pay claims. However, that language does not preclude the Chapter 7 trustee from entering into agreements that the trustee believes are in the best interest of the bankruptcy estate and which will assure that the litigation continues with the cooperation and assistance of all of those supporting the position of the estate in the litigation. The language relied upon by Enterprise Bank does not refer to, acknowledge, or subordinate any interest of litigation counsel, court costs, expert witness fees, or any other expenses that the trustee, using his best business judgment, believes are the appropriate expenditures in support of the litigation. In addition, the language depended upon by the bank makes no provision, exclusion or exception for Chapter 7 administrative expenses. The

language, instead, entitles the bank to one-half of the distributable proceeds available to pay claims. Distributable proceeds are net proceeds after appropriate deductions based upon the trustee's business judgment and the statutory provisions concerning administrative expenses.

IT IS ORDERED that the motion to approve the agreement between the trustee and the other parties, Fil. # 757, is granted.

DATED:     December 17, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
*David Hicks
*Theodore Boecker, Jr.
Don Dworak
Richard Myers
U.S. Trustee

Movant (*) is responsible for giving notice of this order to parties not listed above if required by rule or statute.