IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80006-TJM |
| | ) | |
| WBE COMPANY, INC., | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 1, 2010, regarding Filing #777, Amended Application for Compensation, filed by Special Counsel Sherrets, Bruno & Vogt, LLC. David Hicks appeared for the debtor; Theodore Boecker appeared as special counsel for the trustee; Jason Bruno appeared for Sherrets, Bruno & Vogt, LLC; and Richard Myers appeared as trustee.

At approximately the date that the trustee of the WBE estate filed a motion to approve a compromise of the litigation with the City of Omaha, the law firm of Sherrets, Bruno & Vogt filed an amended application for compensation, Filing #777. The application requested the payment, pursuant to a contingent fee agreement, of 25% of the proposed settlement amount, $650,000, plus a request for out-of-pocket expenses. The trustee and the trustee's special litigation counsel, Theodore Boecker, objected. The trustee took the position that the court should not rule on the fee application until the settlement was approved and the funds were in the hands of the trustee. In addition, he suggested he anticipated a dispute between the applicant and Mr. Boecker, a former associate of the applicant firm. Because of that anticipated dispute, the trustee suggested that any and all funds eventually approved by the court with regard to the fee application be held by the trustee pending an agreement by the firm and Mr. Boecker, the completion of litigation between those parties, or further order of the court. The trustee did suggest that, after the parties agree or the court determines the actual amount of out-of-pocket expenses, the trustee be allowed to pay those out-of-pocket expenses.

Mr. Boecker objected because he disagreed with much of the analysis of the application, which seemed to be based upon the expenditure of attorney hours, rather than on a contingent fee basis. With regard to the itemization of expenses, he suggests that some of the expenses were incurred with regard to other litigation, not the litigation with the City. Finally, he disagreed with the contention in the application that his share of the contingent fee proceeds should be reduced by some contractual formula contained in his employment agreement with the applicant.

The motion to compromise the controversy with the City has been approved by an order filed contemporaneously herewith. Eventually, the settlement will become final and the trustee will receive the gross proceeds. If Mr. Boecker and the applicant can agree on the actual out-of-pocket expenses incurred by each and related to the City litigation, after notice to all parties in interest and the entry of an order approving such expenses, the trustee will be allowed to pay those directly to each firm. However, unless the sharing arrangement between the applicant and Mr. Boecker is agreed upon by both parties, the trustee will be directed to hold the contingent fee proceeds pending further order.

This judge is not inclined to referee a fee dispute between the law firm and Mr. Boecker. If they cannot come to a mutually agreeable resolution, they may ask for mediation, request intervention of the Nebraska Bar Association, or bring state court litigation.

      DATED:     July 20, 2010

                                                   BY THE COURT:

                                                   /s/ Timothy J. Mahoney
                                                 United States Bankruptcy Judge

Notice given by the Court to:
     David Hicks
     Theodore Boecker
     *Jason Bruno
     Richard Myers
     U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.